## DUNNING et al. v. BOND.

*(Circuit Court, S. D. Mississippi, E. D.  May 25, 1889.)*

RAILROAD COMPANIES—ACCIDENTS AT CROSSINGS.

It is the duty of a person approaching a railroad crossing to stop and look in both directions for approaching trains, and also to listen for the same purpose, particularly when he has reason to believe a train is likely soon to pass, and if he fails to perform this duty, or sees the approaching train and does not wait for it to pass, he assumes the risk of accident and cannot recover, unless defendant's employés, seeing him on the track, neglected to use the means reasonably within their power to prevent the accident.

Petition against Receiver on a Claim for Damages.

*Calhoun & Green*, for petitioner.

*Nugent & McWillie*, for respondent.

HILL, J., *(charging jury.)* The petition or declaration charges that H. L. Dunning, the intestate of petitioner, was on the 13th day of February, 1889, on the track of the Vicksburg & Meridian Railroad, in the city of Jackson; that said defendant was then and still is the receiver of said railroad company, and operating it by his employés; that the employés then running the passenger train on said road carelessly and negligently ran the locomotive of said train against said Hugh L. Dunning,

inflicting, upon him wounds and bruises from which he suffered great bodily pain until the 27th day of said month, when he died, his death being caused by said injuries. To recover damages for such injuries this suit is brought. To the charges so made the defendant has interposed two answers or pleas: *First*, he denies that the injuries complained of were caused by the negligence and carelessness of the employés operating said locomotive and train; and, *secondly*, that the accident was caused by the gross negligence and carelessness of said Hugh L. Dunning. These are the issues that you are to determine from the evidence and the instructions given you by the court. Section 1059 of the Code of 1880 provides that, in all actions against railroad companies for damages done to persons or property, "proof of injury inflicted by the running of the locomotives or cars of such company shall be *prima facie* evidence of the want of reasonable skill and care on the part of the servants of such company in reference thereto." The reason for throwing the burden of proof to show that the injury was not the result of want of skill on the part of the employés in running the train is that such employés are usually able, by their testimony, to show how the injury occurred, when the party injured cannot. This rule must govern in this case; but, if the defendant has produced proof that the injuries were not caused by the negligence and careless conduct of the employés then running the train, it will be a defense to this action, unless the plaintiff has overcome such proof by the evidence. The *prima facie* evidence exacted by the statute only continues until it is met and balanced by proof on the part of defendant. At that point the burden of proof is shifted to the plaintiff, who must, to entitle him to a verdict, reasonably satisfy you that his injuries were caused by the negligence and carelessness of the employés operating or running the locomotive and cars. This you will determine from all the evidence, after having duly considered and weighed the same. The burden of proof under the second plea is upon the defendant, and it is for him to show by the proof that the accident was caused by the careless and negligent conduct of Hugh L. Dunning, the deceased. If this is shown to your reasonable satisfaction, it will make a complete defense to plaintiff's action, unless it further appears that the employés running the train could, by reasonable care, have prevented the accident. The statute requires that those running railroad trains through incorporated towns and cities shall give notice of their passing by blowing the whistle, or ringing the bell, continually while so passing, and shall not move at a greater rate of speed than six miles to the hour; and, if these requirements are disregarded, and the train shall injure persons or property, such disregard shall be evidence of a want of skill and care, and render the railroad company liable for such injuries. But if the injury would have occurred if the whistle had been sounded or the bell rung, and the speed had only been six miles to the hour, then the company will not be liable on account of the running at a greater rate of speed than six miles to the hour, or the neglect to blow the whistle or ring the bell. The employés who were engaged in running the train when the accident occurred have testified that the whistle was sounded at the old

depot, and that the bell was constantly rung until the accident occurred, and that all was done that could reasonably have been done by applying the brakes to prevent the accident, and that the train was not run at a greater rate of speed than six miles to the hour while passing through the city of Jackson. This evidence meets and balances the *prima facie* evidence created by the statute, and leaves the evidence on both sides to be considered and weighed as the evidence in other cases. In considering and weighing the testimony of the employés of the defendant you will not presume that they are less trustworthy and truthful than other witnesses, but will consider the interest they may have in the result of the suit, if any is shown, the feeling exhibited by them, their opportunity of understanding correctly the matters about which they have testified, and the reasonableness of the statements made by them, considered in connection with all the other testimony. You will apply the same rules to the testimony of all the witnesses. You will not presume that any of them have intentionally testified falsely, and, if conflict in their statements exists, you will reconcile them, if you can, and, if you cannot, you will determine from all the evidence which have most likely made the correct statement. When the witnesses are equally credible, more weight is to be given to those who testify that an occurrence took place than to those who testify that it did not, unless those who testify in the negative had an equal opportunity to know what did occur, and had their attention directed to it. This is especially so when an obligation is placed upon those testifying in the affirmative, as in the case of the employés in this case. It was the duty of the employés of the defendant in running the train to do everything they could reasonably in their power to avoid the accident. If you believe they did this, as shown by the evidence, then your verdict should be for the defendant,—they being in no fault in neglecting to ring the bell, or sound the whistle, and only running at six miles to the hour,—as the accident was not caused by a failure to ring the bell or sound the whistle, or running at a greater speed than six miles to the hour, if there was such disregard of the requirements of the statute. It was the duty of Hugh L. Dunning to use all reasonable care and caution in crossing the track of the railroad to avoid the accident. The receiver, acting for the interest of all concerned, and being the temporary owner of the railroad, had the right to pass the train over the track in preference to Mr. Dunning, or any one else; and it was the duty of the deceased when he approached the track to stop and look both ways to see whether there was an approaching train, and also to listen to ascertain whether one was approaching, and if he had reason to believe one was likely soon to pass, this duty was the more imperative; and if he failed to perform it, or if he saw the approaching train and did not wait until it passed, he took the risk of the accident which befell him, and the plaintiff is not entitled to recover unless the employés, seeing him on the track, failed and neglected to use such means as were reasonably in their power to prevent the accident. The engineer running the train had a right to presume that the deceased would not attempt to cross the track, or, if on it, would leave it if there was time to do so;

and was not required to stop unless there was imminent danger of the collision; and, if there was, was then required to use all reasonable means in his power to prevent it. If, after considering and weighing all the evidence on both sides, you shall find that the accident was caused by the negligence and carelessness of the employés running the train, and from which they are not relieved by the contributive negligence and carelessness of the deceased; as I have stated, then your verdict should be for the plaintiff, and you should find as damages such sum as the proof shows was necessarily incurred in payment of physicians, medicines, nurses, board-bill, and other expenses resulting from the injuries received, including burial expenses, and whatever the proof shows his income would have been up to the day of his death, with interest on such sum up to the present time. You will also find what sum you believe reasonable as compensation for the pain and suffering endured by the deceased in consequence of the injuries received; but if you shall find there was negligence on the part of the deceased in attempting to cross the track, as well as upon the part of the employés in neglecting to use the means in their power to avert the accident, then you will consider the contributory negligence of the deceased in mitigation of the damages to which plaintiff would have been entitled had such negligence and carelessness not been committed by deceased. But if you shall consider from the evidence the contributory negligence upon the part of the deceased was greater than that upon the part of the railroad employés running the train, your verdict will be for the defendant. But, in considering the testimony upon the issues submitted to you, you are alone the judges of the weight to be given to the testimony of each witness, and will consider the whole of it together, and find such verdict as you may believe right, under the testimony and these instructions given you by the court.